JAMES J. FREELAND v. G. PERRY GREENE, SECRETARY OF THE DEPARTMENT OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA AND THE BOARD OF TRANSPORTATION

No. 7615SC849

(Filed 6 July 1977)

1. Appeal and Error § 6.2— appeal from interlocutory order — rights adversely affected — appeal not premature

Though the order appealed from which restrained defendants and their agents from removing plaintiff's outdoor advertising sign pending determination of the action on its merits was an interlocutory order, the defendants' appeal was not premature, since the continuance of the injunction in effect and the denial of the motion to dismiss adversely affected important rights of appellants in connection with the performance by them of duties imposed by the N. C. Outdoor Advertising Control Act, Article 11 of Chapter 136 of the General Statutes.

2. Highways and Cartways § 2.1— removal of outdoor advertising — failure of owner to exhaust administrative remedies — injunction improper

Plaintiff was not entitled to maintain this action to enjoin defendants from removing his outdoor advertising sign because of an

alleged violation of control-of-access, since plaintiff did not first exhaust the administrative remedies provided him by G.S. Chap. 136, Art. 11, and by the rules and regulations of the Board of Transportation adopted pursuant thereto.

APPEAL by defendants from *Browning, Judge.* Order entered 27 July 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 12 April 1977.

Plaintiff, the owner of an outdoor advertising sign located near Interstate Highway 85 in Orange County, brought this action to enjoin defendants from removing the sign. Plaintiff alleged that an agent of defendants had ordered him to remove his sign and had notified him that if he failed to do so, defendants' agents would remove it at plaintiff's expense; that defendants had no constitutional authority to take plaintiff's vested property rights in the sign except by eminent domain proceedings providing him with fair compensation; and that removal of the sign would result in immediate and irreparable harm to plaintiff by causing him loss of income to be derived from travelers on the highway who would be attracted to plaintiff's businesses and enterprises by the sign. An *ex parte* temporary restraining order was issued, after which the matter came on for hearing upon plaintiff's motion for a preliminary injunction and upon defendants' motion to dismiss made under Rule 12 (b) on the grounds that the complaint failed to state a claim upon which relief can be granted and that the court lacked jurisdiction of the subject matter in that plaintiff had not exhausted his administrative remedies pursuant to Article 11 of Chapter 136 of the General Statutes. Defendants supported their motion by affidavits and exhibits, and at the hearing requested that their motion to dismiss be treated as one for summary judgment under Rule 56.

The material facts, as established by allegations in plaintiff's verified complaint, in defendants' affidavits and exhibits, and in the "Statement of Facts" contained in the record on this appeal, as to which no genuine issue appears, are as follows:

Prior to May 1976, Permit No. I-85 50044 had been issued for the sign. On 29 April 1976 Rufus Chappell, an employee of the Department of Transportation whose responsibilities included reporting any violations of the Outdoor Advertising Control Act, observed a pickup truck parked near the sign.

Tire tracks led from Highway I-85 to the truck. A man painting the sign told Chappell that plaintiff had employed him to do so. Chappell reported this to the Assistant District Engineer. A violation of control-of-access occurred when the painter left the traveled portion of Interstate 85 in his vehicle and drove to the area of the sign. Because of this violation, the permit for the sign was revoked on 4 May 1976 by a letter from the District Engineer of the Department of Transportation to "Daniel Boone Inn." This letter stated in part that the sign "is unlawful and a nuisance and your permit is now revoked," and it further stated that "[i]f the structure is not removed or made to conform to the provisions of the Act or the rules and regulations within thirty (30) days after receipt of this letter, the Board of Transportation or its agents, at the expense of the owner, will remove the nonconforming outdoor advertising." Plaintiff, through his attorney, sought to determine from defendants' agents what could be done to cause the sign to conform, but he was informed there was nothing plaintiff could do except remove the sign. By letter dated 14 May 1976 the plaintiff, through his attorney, gave notice to the District Engineer of his appeal of the revocation of the permit. Thereafter plaintiff did not submit any written appeal to the Secretary of Transportation. Instead, on 16 June 1976 plaintiff commenced this action in the Superior Court of Orange County against the Secretary of Transportation seeking to enjoin removal of his sign.

The court denied defendants' motion for summary judgment dismissing plaintiff's action and issued a preliminary injunction restraining defendants and their agents from removing the sign pending determination of this action on the merits. Defendants appealed.

*Winston, Coleman & Bernholz by Douglas Hargrave for plaintiff appellee.*

*Attorney General Edmisten by Assistant Attorney General Archie W. Anders for defendant appellants.*

PARKER, Judge.

[1]   The order appealed from is interlocutory. However, appeal from such an order will not be considered premature if it adversely affects a substantial right of the appellants. G.S. 1-277; *Industries, Inc. v. Blair,* 10 N.C. App. 323, 178 S.E. 2d 781

(1971). The continuance of the injunction in effect and the denial of the motion to dismiss in this case do adversely affect important rights of appellants in connection with the performance by them of duties imposed by the North Carolina Outdoor Advertising Control Act, Article 11 of Chapter 136 of the General Statutes. We therefore consider this appeal.

[2] The question presented is whether the plaintiff may maintain this action without having first exhausted the administrative remedies provided him by G.S. Chap. 136, Art. 11, and by the rules and regulations of the Board of Transportation adopted pursuant thereto. We hold that he may not.

Article 11 of G.S. Chap. 136, the Outdoor Advertising Control Act, provides for the control and regulation of outdoor advertising signs and devices in the vicinity of the right-of-way of the interstate and primary highways in this State. G.S. 136-133 provides that

"[n]o person shall erect or maintain any outdoor advertising . . . [except those allowed by certain subdivisions of G.S. 136-129 and G.S. 136-129.1] without first obtaining a permit from the Board of Transportation or its agents pursuant to the procedures set out by rules and regulations promulgated by the Board of Transportation or the Secretary of Transportation. The permit shall be valid until revoked for nonconformance with this Article or rules and regulations promulgated by the Board of Transportation or the Secretary of Transportation thereunder. *Any person aggrieved by the decision of the Board of Transportation or its agents in refusing to grant or in revoking a permit may appeal the decision in accordance with the rules and regulations enacted by the Board of Transportation or Secretary of Transportation pursuant to this Article to the Secretary of Transportation who shall make the final decision on the agency appeal. . . ."* [Emphasis added.]

G.S. 136-134 provides that any outdoor advertising maintained without a permit "shall be illegal and shall constitute a nuisance." The Board or its agents are directed to give 30 days notice to the owner of the illegal outdoor advertising to remove it or to make it conform to the provisions of Article 11 or the rules and regulations promulgated by the Board or the Secretary thereunder, and if the owner fails to act within

30 days after receipt of said notice, the Board or its agents "shall have the right to remove the illegal outdoor advertising at the expense of the said owner." G.S. 136-134 further provides:

> "Any person aggrieved by the decision declaring the outdoor advertising structure illegal shall be granted the right to appeal the decision in accordance with the terms of the Rules and regulations enacted by the Board of Transportation or the Secretary of Transportation pursuant to this Article to the Secretary of Transportation who shall make the final decision on the agency appeal."

Under G.S. 136-130, the Board of Transportation is authorized to promulgate rules and regulations in the form of ordinances governing:

> "(3) The specific requirements and procedures for obtaining a permit for outdoor advertising as required by G.S. 136-133 and for the administrative procedures for appealing a decision at the agency level to refuse to grant or in revoking a permit previously issued, and

> (4) The administrative procedures for appealing a decision at the agency level to declare any outdoor advertising illegal and a nuisance as pursuant to G.S. 136-134, as may be necessary to carry out the policy of the State declared in this Article. . . ."

At a meeting held on 15 February 1974, the Board of Transportation exercised the authority granted to it in G.S. 136-130 by adopting an ordinance containing the following:

"Section B

\*          \*          \*

> 6. Revocation of Permit. Any valid permit issued for lawful outdoor advertising structure shall be revoked by the appropriate District Engineer for any one of the following reasons:

\*          \*          \*

> (9) Unlawful violation of the control of access on interstate and freeway facilities."

Section B, Subsection 9 of the ordinance is as follows:

> "9. Appeal of Decision of District Engineer to Board of Transportation. (a) Should any owner of outdoor adver-

tising structure disagree with a decision of the appropriate District Engineer pertaining to the issuance or revocation of permits for outdoor advertising, the owner of the outdoor advertising structure shall have the right to appeal to the Board of Transportation pursuant to the procedures hereinafter set out. (b) The owner of the outdoor advertising structure who decides to appeal a decision of the District Engineer shall so notify the appropriate District Engineer of his decision to appeal by registered mail, return receipt requested, within ten (10) days of the receipt of notice of the decision of the District Engineer. The District Engineer shall then forward the notice given him by the outdoor advertiser to the Secretary of Transportation. (c) Within twenty (20) days from the time of submitting his notice of appeal to the District Engineer, the owner of the outdoor advertising shall submit to the Secretary of Transportation a written appeal setting forth with particularity the facts upon which his appeal is based. (d) Within thirty (30) days from the receipt of the said written appeal or within such additional time as may be agreed to between the Secretary of Transportation and the owner of the outdoor advertising structure, the Secretary of Transportation shall make an investigation of the said appeal. The Secretary of Transportation shall then, make appropriate findings of fact and conclusions pertaining to the appeal on behalf of the Board of Transportation and the findings and conclusion be served upon the outdoor advertiser seeking the review by registered mail, return receipt requested. However, if the decision of the Secretary is that the outdoor advertising structure in question is unlawful, then the findings and conclusion be served upon the owner of the outdoor advertising by certified mail, return receipt requested."

Judicial review of final agency decision is provided for in G.S. 136-134.1, which contains the following:

"G.S. 136-134.1 *Judicial review.* Any person who is aggrieved by a final decision of the Secretary of Transportation *after exhausting all administrative remedies made available to him by rules and regulations enacted pursuant to this Article* is entitled to judicial review of such decision under this Article. . . ." [Emphasis added.]

G.S. 136-134.1 then goes on to provide that the person seeking review must file a timely petition in the Superior Court of Wake County stating explicitly what exceptions are taken to the decision of the Secretary of Transportation and what relief petitioner seeks. At any time before or during the review proceeding, the aggrieved party may apply to the reviewing court for an order staying the operation of the decision of the Secretary of Transportation pending the outcome of the review. Review is to be conducted by the court without a jury, and the court is to hear the matter de novo pursuant to the rules of evidence as applied in the General Court of Justice. After hearing the matter, the court may affirm, or it may reverse or modify the decision if the decision is:

"(1) In violation of constitutional provisions; or

(2) Not made in accordance with this Article or rules or regulations promulgated by the Board of Transportation or Secretary of Transportation; or

(3) Affected by other error of law."

Any party to the review proceedings may appeal to the appellate division from the final judgment of the Superior Court.

The foregoing statutes and the rules and regulations adopted by the Board of Transportation pursuant to the authority granted it by statute provide a clear, comprehensive, and adequate procedure by which any person aggrieved by a decision made by an agent of the Board of Transportation in administering the Outdoor Advertising Control Act may obtain agency review at the highest level before the Secretary of Transportation. The decision of the Secretary is in turn made subject to judicial review by G.S. 136-134.1. The express language of that statute makes clear the legislative intent that recourse to the courts is to be had by the aggrieved party only after exhausting all administrative remedies made available to him by rules and regulations enacted pursuant to Article 11 of G.S. Chap. 36. We find unpersuasive plaintiff's argument that recourse to administrative remedies should not be required in his case because he is attacking provisions of the Outdoor Advertising Control Act and certain of the regulations adopted by the Board pursuant thereto on constitutional grounds. It is true that neither the Board nor the Secretary has power to declare an act of the Legislature unconstitutional, but this would not

preclude administrative decision of this case in plaintiff's favor on other than constitutional grounds. For example, administrative review might well result in decision that plaintiff should not be held responsible for acts of the sign painter, whose relationship to the plaintiff has not been established by competent evidence and even as shown by hearsay evidence is far from clear on this record. As another example, administrative review might result in determination that, even if plaintiff should be found legally responsible for acts of the sign painter, no such violation of control-of-access occurred in this case as to require imposition of a penalty so drastic as revocation of permit. Moreover, in event administrative review in this case should result unfavorably to plaintiff, his constitutional contentions would still be fully available to him by means of the judicial review made available by G.S. 136-134.1.

Because plaintiff failed to exhaust his administrative remedies, this action should have been dismissed. Accordingly, the order appealed from is

Reversed.

Judges BRITT and MARTIN concur.