**Raymond J. DONOVAN, Secretary of Labor, Petitioner,**

v.

**CAPITAL CITY EXCAVATING COMPANY, INC., and Occupational Safety and Health Review Commission, Respondents.**

No. 82–3215.

United States Court of Appeals, Sixth Circuit.

May 23, 1983.

James E. Culp, Dennis K. Kade, Judith N. Macaluso, U.S. Dept. of Labor, Washington, D.C., for petitioner.

Stephen D. Rowe, Kemp, Shaeffer & Rowe Co., Columbus, Ohio, for Capital City.

Paul A. Lafranchise, O.S.H.R.C., Washington, D.C., for O.S.H.R.C.

## ORDER

Before JONES and KRUPANSKY, Circuit Judges, and WISEMAN, District Judge.*

The Secretary of Labor seeks review of a decision by the Occupational Safety and Health Review Commission (OSHRC) which found a violation of the Occupational Safety and Health Act (OSHA) but determined that the violation was not willful. Capital City Excavating Company, Inc. (the Company) cross-petitions the OSHRC finding of violations of safety standards in regard to maintaining a trench. For the reasons stated below, we reverse that portion of the OSHRC decision which concluded that the violation was not willful.

The Company is a general construction contractor maintaining its office in Columbus, Ohio. On May 4, 1981, the Company was working on a sewer project in Zanesville, Ohio when a union representative, Marshall Flynn, arrived at the job site and observed two crews working in two separate trenches. Mr. Flynn observed one trench with men working, and another trench which was not being worked. Further, Mr. Flynn stated that in his opinion, the trench was dangerous.

On May 5, 1981 OSHA compliance officer, Ray Mendenhall, arrived at the above-referenced job site. Mr. Mendenhall went to this job site as part of a routine inspection plan on the part of OSHA. While looking for the job superintendent, Mr. Mendenhall observed two employees of the Company working in one of the trenches, later to form the basis of this citation, and he thereafter conducted an opening conference with Larry Miranda, the crew foreman. Subsequent to the opening conference, Mr. Mendenhall conducted an inspection of two trenches being worked on by the Company and found one trench to be in compliance with the standards of the Act, while the other trench was cited for a violation. The citation read:

Sides of trenches in unstable or soft material, 5 feet or more in depth, were not shored, sheeted, braced, sloped or otherwise supported by means of sufficient strength to protect the employees working within them.

(a) Two men were working in a trench that was not adequately sloped or otherwise protected from a cave-in at the Garden Road area of the Falls Township sewer project.

These conditions violated the trench support standard as required in 29 C.F.R. § 1926.-652(b).[1] The violation existed as a result of the fact that the sides of the trenches, which had been dug in sandy and unstable soil, were not shored or otherwise supported and were not sloped in accordance with OSHA standards.

Mr. Miranda recognized that the trench needed additional support. Therefore, he ordered a sewer box, which is a steel frame used to support trench walls. However, while waiting for the sewer box to arrive, Miranda continued with the trenching operations and ordered two crew members to lay pipe in the trench, upon his belief that the trench was safe enough to work in without sloping or other support. However, some time after the crewmen recommenced trenching operations, they began to run into more water and, thereafter, he suspended the work until they received a safety box.

Based upon the compliance officer's inspection, the Secretary issued a citation which, as amended, alleged that Capital City had willfully violated § 5(a)(2) of OSHA by failing to comply with the trench support standard at 29 C.F.R. § 1926.652(b). An administrative hearing was scheduled, whereupon the ALJ held that the Company had committed a serious violation of 29 C.F.R. § 1926.652(b), but that the violation was not willful. He found that the Secretary had established a violation by showing that the trench was more than five feet deep, was dug in soft and unstable soil, and was not shored, sheeted, braced or adequately sloped. He also concluded that the

---

* The Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation.

1. This provision provides:
Specific trenching requirements:

(b) sides of trenches in unstable or soft material, 5 feet or more in depth, shall be shored, sheeted, braced, sloped, or otherwise supported by means of sufficient strength to protect the employees working within them.

violation was substantially likely to cause death or serious physical harm if an accident occurred and was thus serious under 29 U.S.C. § 666(j). However, he determined that the violation was not willful because, *inter alia,* foreman Miranda concluded that the trench was safe based upon his own judgment and conversations with his crewmen. Upon reasoning that such a good faith belief was an adequate defense to a charge of willfulness, he then imposed a $300 civil penalty. His decision became the final decision of the OSHRC.

Our view of the facts in this case reveals that although Miranda knew about this requirement and he knew that the compliance officer had determined that the existence of the trenches in their conditions constituted a violation of OSHA, he ordered his crew members to continue with the trenching operations. Since the actions of Company supervisors are imputed to the Company, *Western Waterproofing Co. v. Marshall,* 576 F.2d 139, 143 (8th Cir.1978), we find that the Company also knew of the OSHA trenching standards. The Company contends, however, that the fact that Miranda ordered the trench box indicates his good faith intention to comply with the OSHA requirements. They submit that he further evidenced good faith when he finally suspended work when the trench became hazardous. Thus, the Company contends that Miranda's allowing the crewmen to work in the trench when he believed the conditions therein to not endanger their safety does not constitute a *willful* violation of the Act.

■ This Circuit has addressed the proper definition for "willful" in *Empire-Detroit Steel v. OSHRC,* 579 F.2d 378 (6th Cir.1978), as it is used in 29 U.S.C. § 666(a), which provides: "[a]ny employer who willfully or repeatedly violates the requirements of . . . any standards . . . may be assessed a civil penalty of not more than $10,000 for each violation." In *Empire-Detroit Steel, supra,* we adopted the definition articulated by the Fourth Circuit in *Inter-County Construction Co. v. OSHRC,* 522 F.2d 777 (4th Cir.1975). That Circuit has determined that:

> willful means action taken knowledgeably by one subject to the statutory provisions in disregard of the action's legali-

ty. No showing of malicious intent is necessary. A conscious, intentional, deliberate, voluntary decision is described as willful "regardless of venial motive."

■ Applying that definition to the instant case, it is clear that Mr. Miranda was conscious of the fact that a sewer box was needed and he had ordered one; nonetheless, he consciously continued the trenching operations in the absence of the trench box. His decision to continue with the trenching operations was intentional, deliberate, and voluntary; therefore, it was "willful". *Accord Empire-Detroit Steel Division v. OSHRC, supra.* This conclusion appears to be warranted, irrespective of Miranda's good faith belief that the workers could continue with the trenching without hazard. Moreover, our construction of the Act and this provision specifically is that it "unambiguously forecloses such discretion," *F.X. Messina Corp. v. OSHRC,* 505 F.2d 701, 702 (1st Cir.1974), and, therefore, whether Miranda acted in good faith or in bad faith is immaterial.

Since this appeal involves a violation of OSHA, we believe that its underlying policy is to impose certain duties or standards upon the Company in an attempt to prevent the possibility of an employee sustaining an injury. We would construe the Company's assertion of Miranda's good faith belief as being inapplicable to a determination of whether the violation was willful. Therefore, the ALJ's conclusion that the requirement of willfulness had not been met is an error as a matter of law.

Accordingly, we reverse that portion of the Commission's ruling pertaining to willfulness and remand for the imposition of an appropriate civil penalty.