**D.A. COLLINS CONSTRUCTION CO., INC., Petitioner,**

v.

**SECRETARY OF LABOR, Respondent.**

**No. 1713, Docket 96–4196.**

United States Court of Appeals, Second Circuit.

Argued May 29, 1997.

Decided July 1, 1997.

Ronald G. Dunn, Gleason, Dunn, Walsh & O'Shea, Albany, NY (James E. Dering, of counsel), for petitioner.

Ronald J. Gottlieb, Office of the Solicitor, Washington, DC (J. Davitt McAteer, Acting Solicitor of Labor, Joseph M. Woodward, Associate Solicitor for Occupational Safety and Health, Ann Rosenthal, Counsel for Appellate Litigation, U.S. Department of Labor, Washington, DC, of counsel), for respondent.

Before: VAN GRAAFEILAND, MINER and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

This is a petition for review of the decision of the Occupational Safety and Health Review Commission (the "Commission") finding that petitioner, D.A. Collins Construction Co., Inc. ("Collins"), violated the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678 (the "Act"). Collins claims that the decision is not supported by substantial evidence, as required by 29 U.S.C. § 660(a), and that it improperly imposes upon Collins the burden of proving (i) that it was unaware of the violation and (ii) that the "violative condition" [1] was the product of "unpreventable" or "unforeseeable" employee misconduct. We disagree.

## I.

During the relevant period, Collins, a construction company, was rebuilding a bridge on the New York State Thruway. Its carpenters were working on a platform just below the bridge, removing material that had been used in the formation of the bridge's concrete road deck. Carpenters Barbara Foster and Stan Matusz were working on the bridge under the supervision of foreman Bob Rapp. Because they were working at a great height, Collins's safety rules required that they use safety belts and that they "tie off lanyards" (attach their safety lines) to rods extending from "concrete forms" overhead. However, neither carpenter used the lanyards when walking along the platform on

their way to or from lunch or breaks. Foster testified that Rapp also did not "tie off" when walking to and from the carpenters' work site and that Rapp observed the two carpenters moving along the platform without tying off. According to Foster's testimony, she did not "tie off" because she believed it was too time-consuming when coming and going on the platform. On October 31, 1994, while not tied off, Matusz fell to his death.

The Occupational Safety and Health Administration of the United States Department of Labor ("OSHA") investigated the fatality. It found that Matusz, Foster and Rapp generally did not "tie off" while walking to and from the active work area of the platform, referred to as the "leading edge." It did not conclude that this practice led to Matusz's death, as no one was able to explain what Matusz was doing at the time of his fall or why he was not "tied off" when he fell. However, based upon evidence of the carpenters' alleged practice of walking along the platform when not tied off, the Secretary of Labor (the "Secretary"), on March 10, 1995, issued a citation to Collins alleging a "serious violation" of the Act.[2]

In a decision dated August 20, 1996, an administrative law judge ("ALJ") found that the Secretary had proved a *prima facie* case that Collins had violated 29 C.F.R. § 1926.105(a) [3] ("Safety nets shall be provided when workplaces are more than 25 feet above the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical") and that

---

1. The Commission and courts reviewing Commission decisions generally use the terms "violative conduct" or "violative condition" to refer to actions by an employer or workplace conditions that contravene a duty defined by the Act. *See, e.g., New York State Elec. & Gas Corp. v. Secretary of Labor,* 88 F.3d 98, 105 (2d Cir.1996); *Secretary of Labor v. Sal Masonry Contractors, Inc.,* 1992 O.S.H.D. (CCH) ¶ 29,673.

2. A "serious violation" is "deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result" from an employment condition or practice "unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." 29 U.S.C. § 666(k).

3. This regulation was enacted pursuant to 29 U.S.C. § 654(a)(2)—the so-called "special duty clause" of the Act—which states that "[e]ach employer shall comply with occupational safety and health standards promulgated under this chapter." Absent a standard promulgated under the special duty clause, the Secretary may also proceed against an employer under the Act's broad "general duty clause," 29 U.S.C. § 654(a)(1), which provides that "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards." *See New York State Elec. & Gas,* 88 F.3d at 102; *Brock v. L.E. Myers Co., High Voltage Div.,* 818 F.2d 1270, 1275 (6th Cir.), *cert. denied,* 484 U.S. 989, 108 S.Ct. 479, 98 L.Ed.2d 509 (1987).

Collins had not established the affirmative defense of "unforeseeable employee misconduct." The ALJ then imposed a $3,000 penalty. Collins petitioned the Commission for discretionary review of the decision. Following the Commission's denial of review, the decision became final on October 21, 1996. This petition for review followed.

## II.

We must affirm the Commission's findings of fact if they are "supported by substantial evidence on the record considered as a whole," 29 U.S.C. § 660(a);[4] *see New York State Elec. & Gas Corp. v. Secretary of Labor,* 88 F.3d 98, 104 (2d Cir.1996), and we cannot set aside a Commission order unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); *see New York State Elec. & Gas Corp.,* 88 F.3d at 104.

### A. Knowledge of the "Violative Condition"

■ To demonstrate a *prima facie* serious violation of a safety standard under the Act, the Secretary must prove that (1) the cited standard applies; (2) the requirements of the standard were not met; (3) employees were exposed to, or had access to, the violative condition; (4) the employer knew or, through the exercise of reasonable diligence, could have known of the violative condition, *see New York State Elec. & Gas Corp.,* 88 F.3d at 105; *Secretary of Labor v. Traylor Bros., Inc.,* No. 96–595, 1997 WL 295289, at *2 (O.S.H.R.C. May 30, 1997); and (5) "there is a substantial probability that death or serious physical harm could result" from the violative condition, 29 U.S.C. § 666(k). Collins claims that the Commission improperly placed upon Collins the burden of proving that it was unaware of the violative condition. The Secretary, however, claims that Collins

cannot challenge the Commission's determination that Collins had knowledge of the violative condition because Collins failed to raise that issue in its petition to the Commission for review of the ALJ's decision.

Section 11(a) of the Act, 29 U.S.C. § 660(a), states that "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." We must resolve the threshold question of whether Collins is barred by this provision from arguing that the Commission's findings with respect to Collins's knowledge of the violative condition were in error. *See Power Plant Div., Brown & Root, Inc. v. Occupational Safety & Health Review Comm'n,* 659 F.2d 1291, 1293 & n. 3 (5th Cir. Unit B 1981) ("We have previously characterized [29 U.S.C. § 660(a)] as a limit upon our jurisdiction"), *modified and. aff'd. on reh'g,* 673 F.2d 111 (5th Cir. Unit B 1982).

■ The Secretary calls our attention to the first page of Collins's Petition for Discretionary Review before the Commission, where Collins stated that the ALJ's "[d]ecision affirmed one citation as serious, despite proof of an affirmative defense of employee misconduct. The dismissal of that affirmative defense forms the basis for this petition." In the Secretary's view, the petition for review filed with the Commission by Collins was grounded solely on the ALJ's rejection of its defense of "unforeseeable employee misconduct," and not on any alleged errors regarding the Secretary's *prima facie* case. Collins, on the other hand, claims that the latter issue was presented to the Commission in its petition for review, drawing our attention to the section of the petition entitled "Reasons for Review," which states that the "burden of proof always remains with the Secretary." Our review of the record con-

---

4. "Substantial evidence" under the Act bears the same meaning as it does under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(E). *See American Textile Mfrs. Inst., Inc. v. Donovan,* 452 U.S. 490, 522–23, 101 S.Ct. 2478, 2497–98, 69 L.Ed.2d 185 (1981). In *American Textile Manufacturers Institute,* the Court parsed the Act's "substantial evidence" standard by referring to "virtually identical" provisions in

other statutes. Specifically, the Court referred to *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), in which it had held that the "substantial evidence" standard of review of National Labor Relations Board decisions under the Taft–Hartley Act is the same standard as that defined by the APA. *See American Textile Mfrs. Inst.,* 452 U.S. at 522–23, 101 S.Ct. at 2497–98.

firms that this comment referred to the "*defense* that the accident was an unforeseeable isolated occurrence." (emphasis added). Accordingly, we conclude that Collins did not raise the issue of the Secretary's *prima facie* case in its petition for review by the Commission, and therefore, it has waived this argument on appeal. *See P. Gioioso & Sons, Inc. v. Occupational Safety & Health Review Comm'n,* 115 F.3d 100, 105 (1st Cir.1997) (petitioner's argument waived where not raised in petition to Commission for discretionary review); *Durez Div. of Occidental Chem. Corp. v. Occupational Safety and Health Admin.,* 906 F.2d 1, 5 (D.C.Cir.1990) (same).

### B. *Collins's Affirmative Defense of "Unforeseeable Employee Misconduct"*

Collins claims that the Commission erroneously required Collins to prove that the violative condition was the result of "unforeseeable employee misconduct." Collins argues that the Secretary should be required to show that this defense is inapplicable.

█ The Commission found that Collins had not proved the affirmative defense of "unforeseeable employee misconduct." Most other circuits have required the defendant to prove this affirmative defense. *See P. Gioioso & Sons,* 115 F.3d at 109 (1st Cir.1997); *Brock v. L.E. Myers Co., High Voltage Div.,* 818 F.2d 1270, 1276 (6th Cir.), *cert. denied,* 484 U.S. 989, 108 S.Ct. 479, 98 L.Ed.2d 509 (1987); *Daniel Int'l Corp. v. Occupational Safety & Health Review Comm'n,* 683 F.2d 361, 364 (11th Cir.1982); *H.B. Zachry Co. v. Occupational Safety & Health Review Comm'n,* 638 F.2d 812, 818 (5th Cir. Unit A 1981); *Danco Constr. Co. v. Occupational Safety & Health Review Comm'n,* 586 F.2d 1243, 1246–47 (8th Cir.1978); *see also New York State Elec. & Gas Corp.,* 88 F.3d at 107. We join these other circuits in holding that a claim of "unforeseeable employee misconduct" is an affirmative defense that must be proved by the employer after the Secretary has made out a *prima facie* case of a violation of the Act.

Collins also claims that the Commission's determination that it failed to establish the defense of "unforeseeable employee misconduct" is not supported by substantial evidence and should therefore be reversed. Because we conclude that the Commission's findings of fact are indeed "supported by substantial evidence on the record considered as a whole," 29 U.S.C. § 660(a); *see New York State Elec. & Gas Corp.,* 88 F.3d at 104, we affirm the decision of the Commission.

█ To establish the affirmative defense of "unforeseeable employee misconduct," an employer must prove that (1) it established work rules to prevent the violation; (2) these rules were adequately communicated to the employees; (3) it took steps to discover violations;[5] and (4) it effectively enforced the rules when infractions were discovered. *See New York State Elec. & Gas Corp.,* 88 F.3d at 106; *Secretary of Labor v. Nooter Constr. Co.,* No. 91–237, 1994 WL 27750, at *6 (O.S.H.R.C. Jan. 31, 1994). At the hearing before the ALJ, the Secretary stipulated that Collins had established the first two of these four elements. The ALJ, however, determined that petitioner had failed to satisfy the third and fourth elements, finding, in essence, that Collins had not adequately enforced its safety policies.

█ We conclude that this finding is supported by substantial evidence. There is no evidence in the record that Collins took specific steps to ensure that supervisors were fulfilling their duty to discover violations of the work rule requiring carpenters to "tie off." Moreover, as the ALJ found, Collins's claim of adequate enforcement was undercut by persuasive evidence that the supervisor, Bob Rapp, failed for at least one week to enforce its safety rules—indeed, even to abide by them himself—with respect to the two carpenters. Evidence that a foreman or supervisor has violated a statutory standard permits an inference that the employer's safety program has not been adequately enforced. *See Brock,* 818 F.2d at 1277. In light of the uncontested evidence that Collins failed to ensure that its supervisors took steps to discover violations and the uncontradicted testimony that Rapp tolerated safety

---

5. Collins incorrectly characterizes this third element as requiring only that "employees are trained as to means of compliance with the rule." Appellant's Brief on Appeal at 17.

rule violations by employees and engaged in such violations himself, we readily conclude that the Commission's determination that petitioner failed to prove the affirmative defense of "unforeseeable employee misconduct" is supported by substantial evidence.

### III.

In conclusion:

(1) Petitioner waived its argument concerning its knowledge of the "violative condition" because it failed to raise the issue in its petition to the Commission for discretionary review.

(2) The claim of "unforeseeable employee misconduct" is an affirmative defense that must be proved by the employer after the Secretary has made out a *prima facie* case of a violation of the Occupational Safety and Health Act.

(3) The Commission's determination that petitioner failed adequately to prove the defense of "unforeseeable employee misconduct" is supported by substantial evidence on the record considered as a whole.

Accordingly, the petition for review of the decision of the Commission is denied.