NATIONAL ENGINEERING & CONTRACTING COMPANY, Petitioner,

v.

Alexis HERMAN, Secretary of Labor; the Occupational Safety & Health Review Commission, Respondents.

No. 97–4362.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1999.

Decided June 4, 1999.*

* This decision was originally issued as an "unpublished decision" filed on June 4, 1999. On June 30, 1999, the court designated the opinion as one recommended for full-text publication.

Kent W. Seifried (argued and briefed), Poston, Seifried & Schloemer, Covington, KY, for Petitioner.

Allen H. Feldman (briefed), Judith D. Heimlich (briefed), Nathaniel I. Spiller (briefed), U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondents.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN,** District Judge.

** The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The "boom truck" at issue was a 22–ton Manitex 2284. The boom truck was equipped with a telescoping boom that extended or retracted hydraulically and a flatbed on which material was transported. (JA 511). The equipment on the boom truck consisted of a pair of front outriggers located amidship, and a pair of rear stabilizers located on each side of the rear of the boom truck. (*Id.*).

2. 29 C.F.R. § 1926.550(b)(2) provides, in pertinent part:
   § 1926.550  Cranes and derricks.
   \* \* \*

DUGGAN, District Judge.

This matter is before the Court on petitioner National Engineering & Contracting Company's ("NECCO") petition for review of a final order of the Occupational Safety and Health Review Commission ("Commission"). Initially, the case was heard before Administrative Law Judge Paul J. Brady ("ALJ") who issued a decision in this matter on February 21, 1996. The Commission reviewed the findings of the ALJ and issued its final decision on September 30, 1997. Following the Commission's issuance of its decision, NECCO asserted this timely appeal.

### Procedural History

The facts underlying this administrative appeal involve an accident occurring at a highway construction worksite on Interstate 71 outside of Cincinnati, Ohio. On August 16, 1994, a "boom truck,"[1] operated by NECCO, overturned, fatally injuring one employee and seriously injuring two others. The accident occurred during the use of the boom truck to place concrete traffic barriers onto the highway worksite. The Occupational Safety and Health Administration ("OSHA") conducted a worksite inspection following the accident and issued five serious citations and one willful citation. OSHA cited NECCO for a violation of two OSHA crane standards, 29 C.F.R. § 1926.550(b)(2),[2] or in the alternative, 29 C.F.R. § 1926.550(a)(1)[3] for NEC-

(b) Crawler, locomotive, and truck cranes.
(2) All crawler, truck, or locomotive cranes in use shall meet the applicable requirements for design, inspection, construction, testing, maintenance and operation as prescribed in the ANSI B30.5–1968, Safety Code for Crawler, Locomotive and Truck Cranes....
Section 5–3.2.3 of ANSI B30.5–1968 provides:
   i. Outriggers shall be used when the load to be handled at that particular radius exceeds the rated load without outriggers as given by the manufacturer for that crane.

3. 29 C.F.R. § 1926.550 Cranes and derricks.
   (a) General requirements.

CO's failure to extend and set the outriggers and stabilizers on the boom truck as specified by the manufacturer. OSHA proposed the maximum penalty of $70,000 for a willful violation. *See* 29 U.S.C. §§ 659(a), 666(a). NECCO contested the imposition of the willful citation at a hearing,[1] and asserted affirmative defenses of vindictive prosecution and unpreventable employee misconduct.

The ALJ conducted a four-day hearing, which resulted in the finding of a violation of 29 C.F.R. § 1926.550(b)(2). However, the ALJ reclassified the offense as "serious" instead of "willful" and imposed a fine of $10,000. The ALJ determined that he did not have jurisdiction to entertain the affirmative defense of vindictive prosecution but permitted NECCO to proffer its evidence. Further, the ALJ rejected NECCO's unpreventable employee misconduct defense, but did not address the Secretary's alternative proposal for a violation of 29 C.F.R. § 1926.550(a)(1).

Both parties filed cross-petitions for discretionary review with the Commission. The Commission directed review of the following three issues: whether the Commission had jurisdiction to entertain a vindictive prosecution defense; whether the evidence NECCO proffered in support established the defense; and whether the ALJ erred in reducing the 29 C.F.R. § 1926.550(b)(2) citation from willful to serious. In reaching its final decision, the Commission concluded that the ALJ erred in denying jurisdiction over the defense of vindictive prosecution; however, it concluded that NECCO failed to make a threshold showing necessary to establish it. The Commission then determined the ALJ erred in reducing the classification of the crane violation from willful to serious. The Commission affirmed the Secretary's willfulness designation but on the alterna-

tive ground that 29 C.F.R. § 1926.550(a)(1) had been violated. The issue of the applicability of 29 C.F.R. § 1926.550(b)(2) was not addressed by the Commission in its decision. The Commission assessed the maximum $70,000 penalty that OSHA recommended.

### *Statement of Facts*

NECCO is a construction company engaged in road work projects. In August 1994, the Ohio Department of Transportation hired NECCO as the general contractor for the purpose of erecting a sound wall along a six-mile portion of Interstate 71 near Cincinnati, Ohio. In order to facilitate the progress of the project, NECCO moved concrete traffic barriers at night so that workers constructing the sound wall during the day would be barricaded from traffic. The concrete traffic barriers were ten to twelve feet long and weighed 3700–4000 pounds.

On August 16, 1994, NECCO's 22–ton Manitex Model 2284 boom truck ("boom truck") overturned, crushing a laborer, Lloyd Lee, to death. In addition, the crane operator and another worker sustained serious injury. The boom truck has a crane mounted behind its cab to permit operation from control stations on the left and right side. The truck contains four supports, two front outriggers and two rear stabilizers, that extend and retract. When the outriggers are fully extended, the boom truck is supported and leveled, allowing it to lift and deploy heavy loads without the danger of overturning.

On the night of the accident, the boom truck transported eight concrete traffic barriers at a time to the worksite. At the worksite, the crane unloaded and lowered each barrier, one at a time, assisted by several workers. Mr. Lee was assigned the task of shining a flashlight to the end

(1) The employer shall comply with the manufacturer's specifications and limitations applicable to the operation of any and all cranes and derricks.

4. With respect to the serious violations, the Secretary of Labor ("Secretary") withdrew one violation, and the ALJ affirmed two and vacated two. NECCO does not contest the disposition of the serious violations.

of the lowered barrier where it was to be joined to the preceding barrier by inserting a rod through the rings. At the time of the accident, the crane overturned because it attempted to "pick" a load off the passenger side of the truckbed with both front outriggers retracted and the two rear stabilizers down but not fully extended. It is undisputed that the supports could have been extended if the operator of the boom truck had pulled forward ten feet before making the lift. Instead, the operator of the boom truck attempted to set the barrier without moving forward an additional ten feet so as to provide for ample room to deploy the outriggers and stabilizers.

### Standard of Review

Pursuant to 29 U.S.C. § 660:

> Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred....

29 U.S.C. 660(a). This Court has jurisdiction to adjudicate the merits of NECCO's contention that the Commission improperly reversed the findings of the ALJ. Our review of the facts, as found by the agency or the official charged with agency operations, is whether or not there is substantial evidence in the record as a whole to support the facts as found. 29 U.S.C. § 660(a); *Carlisle Equip. Co. v. United States Secretary of Labor*, 24 F.3d 790, 792 (6th Cir.1994) (citing *Dunlop v. Rockwell Int'l*, 540 F.2d 1283, 1287 (6th Cir.1976)). Further, the Commission's order is viewed favorably and determinations of law must be upheld unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Nelson Tree Serv. v. Occupational Safety and Health Review Comm'n*, 60 F.3d 1207, 1209 (6th Cir.1995) (quoting *Empire–Detroit Steel Div. v. Occupational Safety and Health Review Comm'n*, 579

F.2d 378, 383 (6th Cir.1978)). We apply the aforementioned standards to NECCO's claims contesting the merits of the Commission's decision.

### Analysis

NECCO contends that the Commission's finding that it willfully violated 29 C.F.R. § 1926.550(a)(1) is arbitrary and capricious and not supported by substantial evidence. NECCO asserts that the Commission's decision was arbitrary and capricious because the Commission addressed the alternative crane standard, to wit 29 C.F.R. § 1926.550(a)(1), in the absence of notice to NECCO and the Secretary. Second, NECCO claims that the Commission's decision is not supported by substantial evidence because it allegedly "impermissibly focused on singular evidence and disregarded other pertinent evidence...." (NECCO Br. at 19).

I. Applicability of 29 C.F.R. § 1926.550(a)(1)

■ NECCO contends that the Commission's conclusion that NECCO violated 29 C.F.R. § 1926.550(a)(1) is arbitrary and capricious. In support, NECCO asserts that the Commission reached this conclusion because it desired to avoid addressing the issue of whether NECCO violated subsection § 1926.550(b)(2) as concluded by the ALJ. Essentially NECCO contends that neither subsection (a)(1) nor (b)(2) by definition applies to its boom truck.

With respect to applicability of subsection (a)(1), NECCO contends that

> In all of its past decisions, the Review Commission has consistently determined that a crane under any part of Section 1926.550 is a machine which meets the scope, definitions, and illustrations set forth in ANSI B30.5–1968. Now, however, without explanation, the Review Commission executes a radical about-face and holds that subsection 550(a)(1) of the standard clearly applies to the cited boom truck ... even though by virtue of its past decisions, a crane for

the purposes of 550(a)(1) is limited to the type encompassed by ANSI B30.5–1968, which does not include boom trucks.

(NECCO Br. at 24).

The Secretary responds by asserting that NECCO is precluded from raising this issue on appeal because NECCO failed to raise a coverage argument with respect to either (a)(1) or (b)(2) in the first instance to the ALJ. According to the Secretary, NECCO challenged the designation of the violation of (b)(2) as willful by asserting an unpreventable employee misconduct defense, but it did not challenge the scope or applicability of either of the regulations to its boom truck. NECCO first argued that subsection (b)(2) of section 1926.550 did not apply to the boom truck's crane in its brief on the merits to the Commission. However, the Commission declined to review such an argument because NECCO failed to assert it in the first instance to the ALJ, the Secretary did not have the opportunity to contest such a claim, and the issue was not jurisdictional. Instead, the Commission determined that subsection (a)(1) applied and held NECCO liable for the violation.

The Court agrees with the Secretary to the extent she contends that NECCO waived its right to challenge the applicability of subsection (a)(1). Section 11(a) of the Occupational Safety and Health ("OSH") Act, 29 U.S.C. § 660(a) specifically provides: "No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 660(a). NECCO did not challenge the scope or applicability of subsection (a)(1) of section 1926.550 before the Commission, or even before the ALJ.[5]

NECCO's attempt to challenge the applicability of subsection (a)(1) for the first time on appeal to this Court must be rejected. Review by the Commission is a necessary prerequisite to review by this Court. *Globe Contractors, Inc. v. Herman,* 132 F.3d 367, 370 (7th Cir.1997); *D.A. Collins Constr. Co., Inc. v. Secretary of Labor,* 117 F.3d 691, 695 (2d Cir.1997) (holding that failure to raise defect in Secretary's *prima facie* case in petition to the Commission for review resulted in a waiver of the ability to present this defense.) NECCO was originally cited for a violation of subsection (a)(1) or (b)(2) in the alternative. In the proceeding before the Commission, NECCO did not dispute the applicability of (a)(1). In fact, NECCO conceded that its operation of the boom truck on the night in question did not comport with the operation manual standards. (JA 16). Thus, to the extent NECCO argues on appeal to this Court for the first time that subsection (a)(1) is inapplicable, we conclude that NECCO is precluded from challenging the applicability of subsection (a)(1) for the first time on appeal to this Court.

## II. Due Process Claim

NECCO next alleges a denial of due process because the Commission found a willful violation of section 1926.550(a)(1) where the Commission's briefing notice requested briefing on the section 1926.550(b)(2) argument. The Court rejects this argument. From the inception of the administrative process, NECCO was on notice that it had been cited, in the alternative, for a violation of either subsection (a)(1) or (b)(2). The fact that the ALJ found a serious violation of section 1926.550(b)(2), and the Secretary sought review of this finding, is insufficient to

---

**5.** Although NECCO did contest the (b)(2) violation before the ALJ and attempted to raise a "coverage" challenge before the Commission, which was rejected by the Commission, it did not raise such issues with respect to the violation of (a)(1). The conviction for a violation of (a)(1) is the subject of the instant appeal. The Commission did not find NECCO liable for a (b)(2) violation. Thus, we decline to address the Commission's failure to address the applicability, if any, of subsection (b)(2) to NECCO's boom truck.

afford NECCO the reprieve it is seeking. NECCO, upon receipt of the ALJ's decision, had the discretion to determine those portions of the ALJ's decision it wished to appeal. If NECCO felt that subsection (a)(1) was inapplicable to its boom truck, NECCO should have raised that argument on review to the Commission. Further, NECCO had the opportunity to be heard at the four day hearing before the ALJ, at which ample opportunity was provided to raise all arguments in defense of the alleged violations of subsections (a)(1) and (b)(2). Accordingly, we find that the Commission's decision to find a willful violation of subsection (a)(1), in absence of notification to NECCO in its briefing order, is not tantamount to a denial of NECCO's due process rights.

### III. Substantiality of Evidence to Support Commission's Finding of Willful Violation

█ The Commission concluded that the evidence before it, as gleaned from the record as a whole, was sufficient to establish a willful violation of 29 C.F.R. § 1926.550(a)(1).

█ The OSH Act provides that "The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive." 29 U.S.C. § 660(a). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Advance Bronze, Inc. v. Dole*, 917 F.2d 944, 950 (6th Cir.1990) (quoting *Empire–Detroit Steel*, 579 F.2d at 383 (6th Cir.1978)). "The substantial evidence test protects both the factual findings and the inferences derived from them,

and if the findings and inferences are reasonable on the record, they must be affirmed even if this court could justifiably reach a different result *de novo.*" *Modern Drop Forge Co. v. Secretary of Labor*, 683 F.2d 1105, 1109 (7th Cir.1982). The willfulness of an OSH Act violation is a factual finding and is reviewed under this substantial evidence standard.

█ We have previously held that a willful violation is action "taken knowledgeably by one subject to the statutory provisions in disregard of the action's legality." *Empire*, 579 F.2d at 383. A willful violation occurs where the employer is "conscious" of the requirements of a rule and "nonetheless . . . consciously continues" in its contrary practice. *Donovan v. Capital City Excavating Co.*, 712 F.2d 1008, 1010 (6th Cir.1983). Conduct is willful if it is "intentional, deliberate, and voluntary." *Id.*

We conclude that the Commission's decision that NECCO willfully violated section 1926.550(a)(1) is supported by substantial evidence in the record. The Commission determined that the critical provision with which NECCO failed to comply was "the clear command in the manufacturer's manual to have all outriggers and stabilizers fully deployed whenever the boom is used." (JA 16). Section 1926.550(a)(1) requires that the employer conform to the crane manufacturer's specifications and limitations for operating the crane. It is undisputed that the crane's manual and the two warnings explicitly posted on the boom truck warn of the necessity for compliance with the manual and the prohibition on operation of the crane with the outriggers and stabilizers retracted.[6]

---

**6.** The operating manual for the boom truck requires:

**Setting the Outriggers and Stabilizers**
1. All crane operations shall be performed with the outriggers and the stabilizers extended on a firm foundation so the crane is level. On the 2200 Series, the stabilizer boxes shall be fully extended.

**Crane operations with outriggers or stabilizers retracted is prohibited.** (J.A. 17) (emphasis in original).
Further, the following warnings appeared on the crane:

DANGER
YOU MUST NOT OPERATE THIS CRANE UNLESS:

NECCO acknowledges that it was aware of the necessity of operating the crane with the outriggers and stabilizers in place. (NECCO Br. at 27–28). Despite this knowledge, NECCO operated the crane with either partial deployment or no deployment of the supports while lifting and placing traffic barriers in spaces too tight to fully deploy the supports.

Further, evidence exists in the record supporting the conclusion that NECCO previously engaged in a practice of operating the crane without the outriggers and stabilizers fully deployed. The Commission noted NECCO's policy to perform lifts irrespective of whether the outriggers or stabilizers were fully extended. In support, the Commission pointed to the testimony of OSHA Compliance officer Collier who testified that NECCO's policy was to utilize the outriggers and stabilizers when space permitted; however, the use of the crane was sanctioned when a physical barrier did not allow for full deployment.[7] Foreman Ruf proffered testimony in which he indicated that where space was limited, the boom truck was operated without the front outriggers and rear stabilizers fully extended. Crane Operator Foster testified that the normal procedure was to fully extend the outriggers and stabilizers when space permitted.

It is further undisputed that on the night in question, the operator of the boom truck, Mr. Foster, did not advance the boom truck forward so as to permit the full extension of the outriggers in compliance with the operation manual. In view of the record as a whole, the evidence supports a finding that NECCO operated the boom truck in question in violation of the provisions of the manufacturer's speci-

fications. Such conduct constitutes a violation of subsection 1926.550(a)(1). Thus, we are satisfied that substantial evidence exists supporting the Commission's finding that NECCO willfully violated subsection 1926.550(a)(1).

## IV. Vindictive Prosecution

■ NECCO's next point of appeal is predicated on the Commission's rejection of its proffered defense of vindictive prosecution. NECCO argued to the Commission that officials in the Charleston, West Virginia and Columbus, Ohio offices of OSHA either testified, stated in depositions, or told witnesses that NECCO was a "bad actor" and that OSHA would "play hardball" and "get them." (Final Commission Order at 5, J.A. at 11). NECCO also claims that the OSHA's Columbus office withdrew all citations and proposed penalties in Docket No. 92–2085, an unrelated case, after NECCO discovered through an OSHA compliance officer's deposition that OSHA allegedly had an improper motive for pursuing prosecution. NECCO also asserts that it requested a "warrant" in connection with four unrelated cases in which the OSHA Charleston, West Virginia office conducted an inspection of a NECCO work site in Goldtown, West Virginia. In addition, NECCO relies upon OSHA's maintenance of a computerized history database that allegedly characterizes NECCO as violating multiple safety standards and receiving several penalties in conjunction with these violations. Finally, NECCO relies upon what it characterizes as the expedient issuance of citations in connection with the accident at issue in the instant case.

2. YOU KNOW AND FOLLOW THE SAFETY AND OPERATING RECOMMENDATIONS CONTAINED IN THE MANUFACTURER'S MANUALS, YOUR EMPLOYER'S WORK RULES AND APPLICABLE GOVERNMENT REGULATIONS.

The other posted warning stated:

CAUTION

DO NOT USE THIS EQUIPMENT EXCEPT ON SOLID, LEVEL SURFACE WITH OUTRIGGERS PROPERLY EXTENDED....

7. The substance of Officer Collier's testimony is comprised of his interviews with Night Superintendent Seeger and Foreman Ruf, both of whom were employed by NECCO at the time of the incident in question.

The ALJ determined that he did not have jurisdiction to entertain NECCO's vindictive prosecution defense; however, the ALJ permitted NECCO to proffer evidence in support of this defense. NECCO requested review of this finding with the Commission. The Commission ultimately determined that the ALJ erred in determining he did not have jurisdiction to decide the vindictive prosecution theory. However, the Commission addressed the merits of NECCO's claim and concluded that NECCO "failed to make the threshold showing required to establish vindictive prosecution." (Final Commission Order at 6, J.A. at 12). NECCO contends that this conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Empire,* 579 F.2d at 383 (quoting 5 U.S.C. § 706(2)(A)).

■■■ In order to establish a claim of vindictive prosecution, a plaintiff must show: "(1) exercise of a protected right; (2) the prosecutor's 'stake' in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the plaintiff for the exercise of the protected right." *Futernick v. Sumpter Township,* 78 F.3d 1051, 1056 n. 7 (6th Cir.1996). Thus, a person claiming to be vindictively prosecuted, "must show that the prosecutor had some 'stake' in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable." *United States v. Anderson,* 923 F.2d 450, 453 (6th Cir.1991).

The Court agrees with the Commission that NECCO has not proffered sufficient evidence to meet the threshold requirement necessary to support a claim of vindictive prosecution. The allegedly "vindictive prosecution" to which NECCO refers is the Cincinnati, Ohio OSHA office's characterization of NECCO's conduct in the 1994 accident at issue in this litigation as "willful." However, NECCO's exercise of a protected right is founded upon its prior request for a warrant from the Charleston, West Virginia office before the search of a workplace in West Virginia. The record is utterly devoid of any showing by NECCO that the request for a warrant on the West Virginia worksite is in any manner connected to the investigation of a fatal accident by the Cincinnati, Ohio office.

■■■ Moreover, the Commission determined that even if NECCO's evidence could properly state a presumption of vindictiveness, the presumption is rebutted by the reasonableness of the Secretary's willful characterization. The Cincinnati, Ohio OSHA office investigated the worksite after a fatality occurred, and two other workmen were injured. Following the investigation, the office determined that NECCO failed to comply with an operator safety manual, and with express warnings contained on the boom truck. Based on this evidence, we believe it was reasonable for the Secretary to conclude that NECCO wilfully violated an OSHA standard. Thus, we do not believe that the Commission's decision rejecting NECCO's defense of vindictive prosecution was in error.

### Conclusion

For all of the reasons stated herein, the decision of the Commission is **AFFIRMED.**