*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0305P (6th Cir.)
File Name: 04a0305p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FIELDS EXCAVATING, INC.,
*Petitioner-Appellant,*

*v.*

No. 03-3769

SECRETARY OF LABOR,
OCCUPATIONAL SAFETY AND
HEALTH REVIEW
COMMISSION,
*Respondent-Appellee.*

On Appeal from the Occupational Safety
and Health Review Commission.
Nos. 01-0447; 01-0975.

Argued: August 13, 2004

Decided and Filed: September 9, 2004

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Douglas J. Segerman, McFADDEN, WINNER & SAVAGE, Columbus, Ohio, for Petitioner. Charles F. James, UNITED STATES DEPARTMENT OF LABOR,

---

Washington, D.C., for Respondent. **ON BRIEF:** Douglas J. Segerman, James S. Savage III, McFADDEN, WINNER & SAVAGE, Columbus, Ohio, for Petitioner. Charles F. James, Ann Rosenthal, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.

---

## OPINION

---

ROGERS, Circuit Judge. Fields Excavating, Inc. ("Fields") petitioned for review of a final order of the Occupational Safety and Health Review Commission (the "OSHRC") affirming two citations for willful violations of the excavation safety standard set forth at 29 C.F.R. § 1926.652. Because the findings of the Administrative Law Judge ("ALJ") in upholding the citations were supported by substantial evidence, we deny Fields' petition for review.

Fields was issued two citations for failing to comply with the safety requirements for trench excavations. The first citation was issued after Occupational Safety and Health Administration ("OSHA") representatives inspected a Fields worksite at Havener Road in South Webster, Ohio, and found that Fields failed to slope the trench properly as required by OSHA regulations. The second citation was issued after OSHA representatives inspected a Fields worksite in Xenia, Ohio, and found Fields employees working in a trench without the equipment necessary to protect workers in the event of a cave-in. In both cases, the violations were considered willful.

Fields contested the citations and a hearing on both matters was held before an ALJ. The ALJ affirmed both citations and assessed penalties. The ALJ's decision became the final decision of the OSHRC when the OSHRC denied Fields' petition for review. Fields then appealed to this court for review of the OSHRC final order. Fields challenges the

ALJ's determinations that the Havener Road site was inadequately sloped, that both violations were willful, and that the violation at the Xenia Road site was not caused by unforeseeable employee misconduct.

In reviewing decisions of the OSHRC, the court will uphold the OSHRC's findings of fact so long as they are supported by substantial evidence. *See* 29 U.S.C. § 660(a); *CMC Elec., Inc. v. OSHA*, 221 F.3d 861, 865 (6th Cir. 2000).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The substantial evidence test protects both the factual findings and the inferences derived from them, and if the findings and inferences are reasonable on the record, they must be affirmed even if this court could justifiably reach a different result de novo.

*Nat'l Eng'g & Contracting Co. v. Herman*, 181 F.3d 715, 721 (6th Cir. 1999) (internal quotations omitted).

Having had the benefit of oral argument and having studied the record on the petition for review, the briefs of the parties, and the applicable law, we are persuaded that the decision of the OSHRC was supported by substantial evidence. The Decision and Order of the ALJ demonstrates the presence of substantial evidence in the record to support each of the citations, and adequately refutes the arguments made in the petition for review. *See Fields Excavating, Inc.*, 20 O.S.H. Cas. (BNA) 1203, 2003 OSAHRC LEXIS 31 (2003). The issuance of a further detailed written opinion by this court would therefore be largely duplicative and serve no useful purpose. Accordingly, we **DENY** the petition for review based upon the reasoning set out in the Decision and Order of the ALJ.