12-4272-cv
Domino Window Cleaning, Inc. v. Acting Sec'y of Labor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                           *Circuit Judges,*
                    JOHN F. KEENAN,
                           *District Judge.*[*]

-----------------------------------------------------------------------------------

DOMINO WINDOW CLEANING, INC.,

                                        *Petitioner*,

                    v.                                              No. 12-4272-cv

ACTING SECRETARY OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,

                                        *Respondents*.[**]

-----------------------------------------------------------------------------------

FOR PETITIONER:              Wendy Tobias, of Counsel, Cullen & Dykman LLP, New York, New York.

FOR RESPONDENTS:         M. Patricia Smith, Solicitor of Labor, Joseph M. Woodward, Associate Solicitor of Labor for

-----------------------------------

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption as shown above.

Occupational Safety & Health, Heather R. Phillips, Counsel for Appellate Litigation, Anne R. Ryder, United States Department of Labor, Washington, D.C.

Petition for review of an order of the Occupational Safety and Health Review Commission.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order issued on August 16, 2012, is DISMISSED for lack of jurisdiction.

Petitioner Domino Window Cleaning, Inc. ("Domino"), petitions for review of an order of the Occupational Safety and Health Review Commission ("Commission") finding it in violation of the general duty clause of § 5(a)(1) of the Occupational Safety and Health Act of 1970 ("Act"), see 29 U.S.C. § 654(a)(1), as well as N.Y. Comp. Codes R. & Regs. tit. 12 § 21 ("Rule 21"), and imposing a $4,200 penalty. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss for lack of jurisdiction.

Under § 11(a) of the Act, when "persons adversely affected or aggrieved" by a Commission ruling seek judicial review, "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 660(a); see D.A. Collins Constr. Co. v. Sec'y of Labor, 117 F.3d 691, 694 (2d Cir. 1997) (noting that § 11(a) is jurisdictional limitation). In its petition for discretionary review to the Commission, Domino failed to challenge the administrative law judge's determination that

2

it violated the general duty clause under § 5(a)(1) of the Act. In its petition for review to this court, Domino has not argued that extraordinary circumstances justified its failure to raise its § 5(a)(1) argument before the Commission. Accordingly, we lack jurisdiction to review this claim. See D.A. Collins Constr. Co., Inc. v. Sec'y of Labor, 117 F.3d at 695.

Even if we had jurisdiction, we would conclude from a review of the record that the Commission's § 5(a)(1) violation ruling is supported by substantial evidence and not arbitrary and capricious. See 29 U.S.C. § 660(a) (stating that reviewing court must affirm Commission's findings of fact if "supported by substantial evidence on the record considered as a whole"); 5 U.S.C. § 706(2)(A) (stating that reviewing court may not set aside agency decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

We agree with the parties that the Commission's finding of a Rule 21 violation is dictum. The Commission's order did not purport to impose a penalty for violation of that rule or even suggest that the Commission had authority to do so. Rather, the order addressed Rule 21 only in rejecting Domino's argument that compliance with that rule was a defense to liability under § 5(a)(1). See Aug. 18, 2012 Order, Special App. 11. ("[C]ompliance with an applicable state law does not create an exemption from the general duty clause."). The order then went on to state that, in any event, Domino did not comply with Rule 21. In light of the order's former conclusion, which Domino does not challenge, the latter conclusion that Domino violated Rule 21 was not necessary to resolving the issue before the Commission, i.e., whether Domino violated the general duty clause under § 5(a)(1). The latter conclusion

3

thus is <u>dictum</u>, and we lack jurisdiction to review it.  <u>See</u> <u>McCord ex rel. Bean v. Agard (In re Bean)</u>, 252 F.3d 113, 118 (2d Cir. 2001).

In urging otherwise, Domino argues that the Commission's Rule 21 determination will have preclusive effect in an action proceeding against it in state court.  Because Domino only raised this argument in its reply brief, we deem it forfeited.  <u>See</u> <u>McCarthy v. SEC</u>, 406 F.3d 179, 196 (2d Cir. 2005) (stating that "arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court").  Even if we were to consider the argument, however, it would fail.  As respondents acknowledge, because the Commission's Rule 21 determination is <u>dictum</u>, it does not have preclusive effect in the state court proceeding.  <u>See</u> <u>In re Bean</u>, 252 F.3d at 118 (identifying as one of four elements for finding of collateral estoppel requirement that issue was necessary to support valid and final judgment on merits and concluding that <u>dictum</u> did not have collateral estoppel effect).

We have considered Domino's remaining arguments in its petition for review and conclude that they are without merit.  The petition is DISMISSED for lack of jurisdiction.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court