G. G. GALLOWAY AND WIFE, ET AL., v. I. D. STONE AND C. L. SMITH.

(Filed 20 November, 1935.)

**Injunctions E b—It is error to decree permanent injunction upon hearing of order to show cause.**

It is error for the court, upon the hearing of an order to show cause, to decree a permanent injunction, although the facts found are sufficient to continue the temporary restraining order to the hearing, defendants being entitled to a day in court to determine in some proper way the issues raised by the pleadings, and a permanent injunction being a final judgment which settles the rights of the parties.

APPEAL by defendants from *Harding, J.,* at April Special Term, 1935, of MECKLENBURG.

This was ,an action to enforce certain restrictive covenants in defendants' deed limiting the character of buildings to be erected on the lots conveyed, and to restrain defendants from erecting a gasoline filling station thereon.

A temporary restraining order was issued 11 March, 1935, by Judge Clement, with order to show cause before Pless, J., at Gastonia, 30 March, but by consent it was agreed to be heard by Harding, J., at Charlotte, at the 22 April Special Term of Mecklenburg Superior Court.

Upon consideration of the complaint and answer, and the supporting affidavits offered by the plaintiffs and defendants, judgment was rendered decreeing a permanent injunction, and from this judgment defendants appealed.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*Stewart & Bobbitt for defendants.*

DEVIN, J. The only question presented by this appeal is whether a permanent injunction was proper. Defendants concede that the facts found by the court below are sufficient to justify a continuance to the hearing, but they maintain they are entitled to a day in court to determine in some proper way the issues raised by the pleadings; and in this we concur.

A permanent or perpetual injunction issues as a final judgment which settles the rights of the parties, after the determination of all issues raised. McIntosh N. C. Prac. & Proc., secs. 848, 849; *Abernethy v. Burns,* 206 N. C., 370.

This disposition of the appeal renders unnecessary a discussion of the other questions presented on the argument and by brief.

Error and remanded.